IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SEPTIMUS ANDERSON, | § | |
| TDCJ No. 1690473, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 2:17-CV-0057 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
|     Respondent. | § | |

## ANSWER WITH BRIEF IN SUPPORT

Petitioner Septimus Anderson was found guilty in disciplinary case number 20170152485 of possessing contraband. Anderson seeks habeas corpus relief challenging these proceeding pursuant to 28 U.S.C. § 2254. Because Anderson lost no good-time credits as a result of the disciplinary proceeding, the petition should be dismissed with prejudice because it fails to state a claim entitling Anderson to relief.

## JURISDICTION

Anderson seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties as Anderson is incarcerated within this Court's jurisdiction.

## PETITIONER'S ALLEGATIONS

Respondent (the Director) understands Anderson to allege that the disciplinary proceeding violated his due process rights. ECF 3 at 6.

## GENERAL DENIAL

The Director denies all of Anderson's assertions of fact except those supported by the record or specifically admitted herein. The Director objects to any future, substantive motions filed by Anderson and will respond to them only if so ordered by the Court.

## STATEMENT OF THE CASE

The Director has lawful custody of Anderson pursuant to a judgment and sentence from the 364th District Court of Lubbock County, in cause number 2009-424144, styled *The State of Texas v. Septimus Anderson*. Exhibit A.[1] Anderson pled guilty to possession of a controlled substance, was found guilty, and on January 6, 2011, was sentenced to 35 years' incarceration. *Id.*

On January 26, 2017, a Disciplinary Hearing Officer (DHO) found Anderson guilty in disciplinary case number 20170152485 of threatening to inflict harm on an officer. Disciplinary Hearing Record (DHR) at 1. As punishment, Anderson lost thirty-five days of recreation, commissary, and telephone privileges, and his line class earning status was reduced from S3 to S4. *Id.* at 1, 11. He forfeited no good-time credit days. *Id.*

---

[1] "Exhibit A" is a TDCJ commitment inquiry report. The commitment inquiry report provides information regarding Anderson's custodial convictions. Anderson is also serving a 20 year sentence for a different possession conviction out of the same county.

2

The Director does not examine the grievances filed by Anderson related to his disciplinary cases because, as Anderson lost no good-time, they are not necessary to the Court's disposition of this cause.

Anderson filed his federal writ petition on March 26, 2017. ECF 3, at 10.

## ADMINISTRATIVE RECORDS

Attached as "Exhibit A" is a TDCJ commitment inquiry report. The commitment inquiry report provides information regarding Anderson's custodial convictions. The undersigned is forwarding copies of Disciplinary Hearing Record (DHR), Disciplinary Grievance Record (DGR), and Disciplinary Hearing Audio (DHA) to the Court under separate cover letter, as state court records.

## PETITIONER'S ELIGIBILITY FOR MANDATORY SUPERVISION

Pursuant to the mandatory supervision statutes in effect when Anderson committed his holding offenses, he is eligible for release to mandatory supervision on his sentences. *See* Tex. Gov't Code § 508.149 (a) (West 2003, 2009) (enumerating the offenses which render an inmate ineligible for release to mandatory supervision, none of which apply to Anderson); *see also* Exhibit A.

The Director therefore believes Anderson is eligible for release on mandatory supervision through the accumulation of good-time credit due to the date and nature of his custodial offenses. However, Anderson lost no good-time as a result of his disciplinary offense. DHR at 1, 11.

## AFFIRMATIVE DEFENSES

The petition is not barred by limitations, 28 U.S.C. § 2244(d), or subject to the successive petition bar, 28 U.S.C. § 2244(b). The Director does not address exhaustion or procedural bar because it is not necessary to the disposition of the petition, but reserves the argument in an abundance of caution.

## ANSWER

As a result of the disciplinary hearings, Anderson lost thirty-five days of recreation, commissary, and telephone privileges, and his line class earning status was reduced from S3 to S4. *Id.* at 1, 11. He did not lose any good-time credits. *Id.* As set forth below, because Anderson challenges the loss of privileges and the impact the disciplinary hearing had on his parole eligibility, he fails to state a claim for which federal habeas relief may be granted.

"[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). When a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy. *Id.* at 485; *Wolff*, 418 U.S. at 555; *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). However, prisoners do not lose all constitutional rights when they are incarcerated. *Madison*, 104 F.3d at 767. In certain circumstances, a state may create liberty interests which the Due Process Clause protects. *Sandin*, 515 U.S. at 483-84; *Madison*, 104 F.3d at 767. "[T]hese interests will be generally limited to freedom from restraint which, while not

4

exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Therefore, such "interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison*, 104 F.3d at 767.

To the extent Anderson challenges the loss of recreation, commissary, and telephone privileges, such punishment does not pose an "atypical" or "significant hardship" beyond "the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Rather, the punishments constitute a change in the conditions of Anderson's confinement and therefore do not implicate the protections afforded by the Due Process Clause. *See id*. at 486 (holding that no liberty interest was implicated by discipline ruling placing an inmate in segregated confinement); *Madison*, 104 F.3d at 768 (stating that thirty day commissary and cell restrictions does not implicate due process concerns).

Furthermore, a Texas prisoner does not possess a liberty interest in being released on parole. *Allison v. Kyle*, 66 F.3d 71, 73-74 (5th Cir. 1995) (citations omitted). Thus, to the extent that Anderson contends that his parole eligibility has been adversely affected by the challenged disciplinary infractions, this does not state a basis for relief. *Sandin*, 515 U.S. at 487.

As a result, Anderson fails to state a claim that entitles him to relief. This Court should deny and dismiss the petition with prejudice.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that the Court deny and dismiss with prejudice the instant petition and that no certificate of appealability issue.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

s/ Jessica Manojlovich
*Lead Counsel    JESSICA MANOJLOVICH*
Assistant Attorney General
State Bar No. 24055632

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

     I do hereby certify that a true and correct copy of the above and foregoing pleading has been served by placing the same in the United States Mail, postage prepaid, on this the 12th day of July, 2017, addressed to:

Septimus Anderson
TDCJ-CID No. 1690473
Jordon Unit
1992 Helton Road
Pampa, Texas 79065

                                                <u>s/ Jessica Manojlovich</u>
                                                JESSICA MANOJLOVICH
                                                Assistant Attorney General