IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2017 SEP 29  PM 1:01
DEPUTY CLERK ___

| | | |
|---|---|---|
| SEPTIMUS ANDERSON, | § | |
| Petitioner, | § § § | |
| v. | § § | 2:17-CV-57 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

### REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

On January 20, 2017, petitioner, a state inmate, was charged with the prison disciplinary offense of possession of contraband, *viz.*, food products without a commissary receipt less than 60 days old establishing ownership of the items.

On January 24, 2017, the Board of Pardons and Paroles approved petitioner for release to parole upon completion of the "In-Prison Therapeutic Community Treatment Program" (IPTC).

On January 25, 2017, the Board issued notice to petitioner of its "Decision to Grant Parole to IPTC (FI-5)." In its decision, the Board recommended petitioner be placed in the TDCJ-ID's IPTC program, and referred petitioner's case for IPTC placement. Petitioner was advised that after completion of the program, he would be processed for release to an after-care facility. Petitioner was advised the Board could revise its parole decision at any time if additional information were received which the Board determined to be sufficient to withdraw parole.

On January 26, 2017, a hearing on the major disciplinary offense was held. Petitioner was

found guilty of possession of contraband (food products without a commissary receipt less than 60 days old establishing ownership of the items) and was punished by, *inter alia*, a reduction in line class from S3 to S4. Petitioner did not lose previously accrued good-time credits. Per the Classification and Records Procedures for IPTC Offenders, offenders are not eligible for transfer to IPTC if they have committed a major disciplinary within the last six months and were reduced in line class or lost good time.

On February 22, 2017, the Board was informed of petitioner's major disciplinary case and his reduction in line class.

On March 3, 2017, the Board withdrew their vote and scheduled petitioner's next parole review for March 2018, imposing a one-year set off.

On March 8, 2017, the Board issued notice to petitioner of its "Decision Not to Grant Parole" explaining parole was denied solely for the following reason: "The record indicates that the offender has an unsatisfactory institutional adjustment." Petitioner was advised his next parole review date was set for March 2018, one year from the date of the decision.

On March 28, 2017, petitioner filed the instant Petition for a Writ of Habeas Corpus by a Person in State Custody challenging prison disciplinary case number 20170152485. In his application, petitioner argues that as a result of the reduction in line class punishment he received per the prison disciplinary proceeding, the "parole program that [he] had been approved for" was forfeited and he "must complete at least another year in prison." Petitioner contends the disciplinary conviction prevented his release to parole which had been approved. He seeks to have his disciplinary case overturned so his parole may be "re-instated."[1]

On July 12, 2017, respondent filed an answer arguing that because petitioner lost no good-

---

[1] Petitioner became eligible for release to parole on May 30, 2013.

time credits as a result of the prison disciplinary proceeding, he has failed to state a claim showing he is entitled to federal habeas corpus relief. Citing *Allison v. Kyle*, 66 F.3d 71, 73-74 (5th Cir. 1995) for the holding that a Texas prisoner does not possess a liberty interest in being released on parole, respondent maintains that to the extent petitioner contends his parole eligibility has been adversely affected by the disciplinary ruling, he has not stated a basis for relief. *Respondent's Answer* at 5 (citing *Sandin v. Connor*, 515 U.S. 472, 487 (1995)).

On August 3, 2017, petitioner filed a reply to respondent's answer arguing it was not his parole *eligibility* that was at issue, but instead was his actual release on parole that was the issue. Petitioner stated that because he had already been approved for parole in January 2017 and was awaiting release when the disciplinary case was brought, it was his release, not eligibility for release, that was affected. Petitioner maintains the grant of parole was taken away because of the disciplinary action and that he cannot again be granted release for one year because of the mandatory set off. Petitioner contends that but for the disciplinary action, he would have been released to parole which had been granted.

In a supplemental brief, respondent argues petitioner's "length of imprisonment remains the same" despite his disciplinary punishment, *i.e.*, petitioner is still serving a 35-year sentence. Respondent contends that although petitioner "was conditionally approved for parole," he "was unable to meet the conditions of his parole release because of the disciplinary hearing finding guilt" and, as a result, "his conditional release vote was withdrawn" by the Parole Board. Emphasizing petitioner does not possess a liberty interest in being released on parole, respondent again argues that to the extent petitioner contends his parole eligibility has been adversely affected by the disciplinary ruling, "he does not state a basis for relief."

Case law is fairly well settled that certain punishments, including a reduction in line class or other classification categories which reduce an inmate's ability to earn good time credits necessary to

achieve parole eligibility, merely constitute changes in the conditions of petitioner's confinement and do not implicate the Due Process Clause of the United States Constitution. *See Sandin*, 515 U.S. at 478, 115 S.Ct. at 2297; *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997); *Hinojosa v. Thaler*, 2011 WL 2183310 (5th Cir. June 6, 2011) (the effect of a reduction in classification on a prisoner's ability to earn good-time credits is too speculative to constitute a deprivation of a protected liberty interest). Therefore, in order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner <u>MUST</u>, at a minimum, be eligible for release on mandatory supervision <u>AND</u> have received a punishment sanction that included forfeiture of <u>previously accrued</u> good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner acknowledges he did not lose previously earned good-time days. *See* Question 18. Review of the TDCJ Disciplinary Report and Hearing Record provided by respondent confirms petitioner did not lose any previously earned good-time days as a result of the disciplinary proceeding herein challenged.

Simply put, as the law in the Fifth Circuit currently stands, petitioner did not receive a punishment sanction that included forfeiture of previously accrued good time credits and cannot receive federal habeas corpus relief. This is the case even though respondent concedes petitioner "was conditionally approved for parole" but "was unable to meet the conditions of his parole release <u>because of the disciplinary hearing finding guilt</u>" and, as a result, "his conditional release vote was withdrawn" by the Parole Board (emphasis added). This is so even though the Parole Board had approved petitioner, after the disciplinary charge was brought but prior to the disciplinary ruling, "for release to parole upon completion of" the IPTC program but then withdrew their vote when petitioner was not allowed to transfer to IPTC because of the disciplinary ruling.[2] There appears to

---

[2] As set forth in the affidavit of the TDCJ Chairman of Classification and Records which was attached to respondent's supplemental brief.

be no dispute that the disciplinary finding of guilt was the sole event which caused petitioner's parole approval to be withdrawn. Because of binding Fifth Circuit precedent petitioner's habeas application must be DENIED. The undersigned is of the opinion, however, that the sanction petitioner actually received as a result of the disciplinary proceeding, *i.e.*, the withdrawal of the Board's approval of and petitioner's scheduled release to parole and an additional year in custody, is a greater sanction than would be the loss of a minimal number of days of previously accrued good time. The Court is of the opinion counsel should be appointed to represent petitioner ANDERSON and that a certificate of appealability should issue.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner SEPTIMUS ANDERSON be DENIED. Petitioner should, however, be granted a certificate of appealability for the following issue:

> Is the Due Process Clause of the United States Constitution implicated in a situation where an inmate has been approved for release to parole but a prison disciplinary proceeding punishment results in a withdrawal of the parole release which had previously been granted and extends the imprisonment for one year?

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of September 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).